UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LINDA SMITH                                        Case No.: 08-CV-4337 (AKH)

           Plaintiff,

                                  **ANSWER**

-against-

GATEWAY SECURITY SERVICE, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant, Gateway Security Service, Inc. ("Defendant"), by and through its attorneys, Sapir & Frumkin LLP, hereby files its Answer to the Complaint of the Plaintiff Linda Smith ("Plaintiff").

Unless specifically admitted, Defendant denies each and every factual allegation set forth in the Complaint asserted by Plaintiff. In response to the Complaint, the Defendant states as follows:

## JURISDICTION AND VENUE

1.      The allegations in paragraph 1 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Defendant denies the allegations made therein.

2.      The allegations in paragraph 2 contain legal conclusions for which no responsive pleading is required.

3.      The allegations in paragraph 3 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Defendant denies the allegations made therein.

4.      The allegations in paragraph 4 contain legal conclusions for which no responsive pleading is required.

5.      The allegations in paragraph 5 contain legal conclusions for which no responsive pleading is required.  To the extent that the allegations contained in this paragraph make reference to factual matters, the Defendant denies the allegations made therein.

6.      To the extent that the allegations set forth in paragraph 6 make reference to a written document, that document speaks for itself.  To the extent that the allegations set forth in paragraph 6 contain opinions or legal conclusions, no responsive pleading is required.  To the extent that a further response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7.

## PARTIES

8.      Defendant admits that Plaintiff was employed by Gateway as a security guard/doorperson at 263 West 112th Street, New York, New York.  The remaining factual allegations set forth in paragraph 8 are denied.

9.      Defendant admits that Plaintiff was the only female employed by Gateway at the subject location where Plaintiff worked.   The remaining factual allegations set forth in paragraph 9 are denied.

10.     Defendant admits the allegations set forth in paragraph 10.

11.     Defendant admits the allegations set forth in paragraph 11.

12.     Defendant admits the allegations set forth in paragraph 12.

13.     Defendant denies the allegations set forth in paragraph 13.

14.     The allegations in paragraph 14 contain legal conclusions for which no responsive

pleading is required.  To the extent that the allegations contained in this paragraph make reference

to factual matters, the Defendant denies the allegations made therein.

15.     Defendant admits that it has provided and/or is currently providing services to entities

in the State of Connecticut, including CVS Pharmacies in West Hartford and other cities and towns

in Connecticut.  The remaining factual allegations set forth in paragraph 15 are denied.

16.     Defendant admits that it has provided and/or is currently providing services to

entities in the State of New.  The remaining factual allegations set forth in paragraph 16 are denied.

## **FACTS**

17.     Defendant denies the allegations set forth in paragraph 17.

18.     Defendant denies the allegations set forth in paragraph 18.

19.     Defendant denies the allegations set forth in paragraph 19.

20.     Defendant denies the allegations set forth in paragraph 20.

21.     Defendant denies the allegations set forth in paragraph 21.

22.     Defendant denies the allegations set forth in paragraph 22.

23.     Defendant denies the allegations set forth in paragraph 23.

24.     Defendant denies the allegations set forth in paragraph 24.

25.     Defendant denies the allegations set forth in paragraph 25.

26.     Defendant denies the allegations set forth in paragraph 26.

27.     Defendant denies the allegations set forth in paragraph 27.

28.     Defendant denies the allegations set forth in paragraph 28.

29.     Defendant denies the allegations set forth in paragraph 29.

30.     Defendant denies the allegations set forth in paragraph 30.

31.     Defendant admits that on December 27, 2008, the building behind 263 West 112th

Street collapsed.  The remaining factual allegations set forth in paragraph 31 are denied.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations set forth in paragraph 32.

33.     Defendant admits the allegations set forth in paragraph 33.

34.     Defendant denies the allegations set forth in paragraph 34.

35.     Defendant admits the allegations set forth in paragraph 35.

36.     Defendant denies the allegations set forth in paragraph 36.

## AS AND FOR A FIRST CAUSE OF ACTION

37.     Defendant denies the allegations set forth in paragraph 37.

38.     Defendant denies the allegations set forth in paragraph 38.

39.     Defendant denies the allegations set forth in paragraph 39.

## AS AND FOR A SECOND CAUSE OF ACTION

40.     Defendant denies the allegations set forth in paragraph 40.

41.     Defendant denies the allegations set forth in paragraph 41.

42.     Defendant denies the allegations set forth in paragraph 42.

## AS AND FOR A THIRD CAUSE OF ACTION

43.     Defendant denies the allegations set forth in paragraph 43.

44.     Defendant denies the allegations set forth in paragraph 44.

45.     Defendant denies the allegations set forth in paragraph 45.

## AS AND FOR A FOURTH CAUSE OF ACTION

46.    Defendant denies the allegations set forth in paragraph 46.

47.    Defendant denies the allegations set forth in paragraph 47.

48.    Defendant denies the allegations set forth in paragraph 48.

## AS AND FOR A FIFTH CAUSE OF ACTION

49.    Defendant denies the allegations set forth in paragraph 49.

50.    Defendant denies the allegations set forth in paragraph 50.

51.    Defendant denies the allegations set forth in paragraph 51.

## AS AND FOR A SIXTH CAUSE OF ACTION

52.    Defendant denies the allegations set forth in paragraph 52.

53.    Defendant denies the allegations set forth in paragraph 53.

54.    Defendant denies the allegations set forth in paragraph 54.

## AS AND FOR A SEVENTH CAUSE OF ACTION

55.    Defendant denies the allegations set forth in paragraph 55.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

56.    Defendant denies the allegations set forth in paragraph 56.

## ON THE FIRST AND FOURTH CAUSES OF ACTION

Paragraphs (a) through (h) of the Complaint contain a description of relief sought, to which

no response is required. To the extent a response was required, Defendant denies that there is any

basis in fact or law to warrant such relief.

## ON THE SECOND AND FIFTH CAUSES OF ACTION

Paragraph (i) of the Complaint contains a description of relief sought, to which no response

is required. To the extent a response was required, Defendant denies that there is any

basis in fact or law to warrant such relief.

### ON THE THIRD, SIXTH AND EIGHTH CAUSES OF ACTION

Paragraphs (j) through (l) of the Complaint contain a description of relief sought, to which

no response is required. To the extent a response was required, Defendant denies that there is any

basis in fact or law to warrant such relief.

### ON THE SEVENTH CAUSE OF ACTION

Paragraphs (m) through (o) of the Complaint contain a description of relief sought, to which

no response is required. To the extent a response was required, Defendant denies that there is any

basis in fact or law to warrant such relief.

### SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

All actions undertaken with respect to Plaintiff were non-discriminatory, based on sound

business judgment, were neither arbitrary nor capricious, and were undertaken in good faith and in

compliance with all applicable laws.

**FIFTH DEFENSE**

Upon information and belief, Plaintiff is barred from relief due to her failure to mitigate

damages.

Defendant reserves the right to raise other affirmative and other defenses that may

subsequently become or appear applicable to some or all of Plaintiff's causes of action.

**WHEREFORE**, Defendant respectfully requests that this Court enter a judgment:

1.      Dismissing the Complaint with prejudice;

2.      Directing Plaintiff to pay Defendant the costs to defend this action, including

reasonable attorneys' fees and interest; and

3.      Awarding such other and further relief as this Court deems just and proper.

Dated:  White Plains, New York                    Yours, etc.,
        July 10, 2008

                                                  **SAPIR & FRUMKIN LLP**


                                        By:   /s/ William D. Frumkin
                                              William D. Frumkin (WF 2173)
                                              Sapir & Frumkin LLP
                                              Attorneys for Defendant
                                              Gateway Security Service, Inc.
                                              399 Knollwood Road, Suite 310
                                              White Plains, New York 10603
                                              (914) 328-0366


To:     Jeffrey B. Melcer, Esq.
        The Law Offices of Jeffrey B. Melcer, PLLC
        150 East 58th Street, 23rd Floor
        New York, New York 10155


F:\APPLICAT\WP\Gateway Security\Answer.wpd\rlh

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, a copy of Defendant's Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

Jeffrey B. Melcer, Esq.
The Law Offices of Jeffrey B. Melcer, PLLC
150 East 58th Street, 23rd Floor
New York, New York 10155

Parties may access this filing through the Court's electronic filing system

/s/ Rachel L. Horton
Rachel L. Horton